# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DENISE BOYD; ROBERT DIMENNA; WILLIAM GUERRA; and, WILLIAM WARNER | MIDLAND FUNDING, LLC; and, MIDLAND CREDIT MANAGEMENT, INC. |

**(b)** County of Residence of First Listed Plaintiff   MONTGOMERY
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JOSEPH M. ADAMS, ESQ.
LAW OFFICE OF JOSEPH M. ADAMS
200 HIGHPOINT DRIVE, SUITE 211A, CHALFONT, PA 18914
215-996-9977

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☒ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act |
| | | | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. Section 227, et seq.
Brief description of cause:
Defendants placed illegal auto-dialed calls to Plaintiffs' cell phones

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE               DOCKET NUMBER

DATE 1/24/2017      SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: SEE ATTACHED.

Address of Defendant: 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108

Place of Accident, Incident or Transaction: BUCKS COUNTY and MONTGOMERY COUNTY, PA
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))        Yes☐   No☐

Does this case involve multidistrict litigation possibilities?        Yes☒   No☐
*RELATED CASE, IF ANY:*
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
(Please specify) 47 U.S.C. Section 227, et seq

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Joseph M. Adams, Esq. _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 1/24/2017 _____ _____   58430
                          Attorney-at-Law                          Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/24/2017 _____ _____   58430
                          Attorney-at-Law                          Attorney I.D.#

CIV. 609 (5/2012)

## ADDRESSES OF PLAINTIFFS

Denise Boyd
1075 Bell Lane
Maple Glen, PA  19002

Robert DiMenna
100 Holly Dr.
Apt. 210
Royersford, PA  19468

William Guerra
202 E. Park Ave.
Ambler, PA  19002

William Warner
420A S. Park Ave.
Norristown, PA  19403

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| DENISE BOYD, et al. | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
|  | : |  |
| MIDLAND FUNDING, et al. | : |  |
|  | : | NO. |
|  | : |  |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus - Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health

    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos - Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    ( )

(e) Special Management - Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                    ( )

(f) Standard Management - Cases that do not fall into any one of the other tracks.         **(X)**

| | | |
|---|---|---|
| _1/24/2017_ | **Joseph M. Adams, Esq.** | _[signature]_ |
| **Date** | **Attorney-at-law** | **Attorney for Plaintiff** |
| **215-996-9977** | **215-996-9111** | josephmadamsesq@verizon.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENISE BOYD, | : | |
| ROBERT DIMENNA, | : | |
| WILLIAM GUERRA, | | |
| and WILLIAM WARNER, | : | |
| individuals, | | CIVIL ACTION |
| | : | |
| Plaintiffs, | | No.: |
| v. | : | |
| | | |
| MIDLAND FUNDING LLC, | : | |
| a foreign limited liability company, | | |
| and MIDLAND CREDIT MANAGEMENT, INC., | : | |
| a foreign for-profit corporation, | | |
| | : | |
| Defendants. | | **JURY TRIAL DEMANDED** |
| | : | |

## <u>VERIFIED COMPLAINT</u>

**COME NOW**, Plaintiffs, DENISE BOYD, ROBERT DIMENNA, WILLIAM GUERRA, and WILLIAM WARNER (hereinafter, "Plaintiffs"), by and through the undersigned counsel, and hereby sue Defendants, MIDLAND FUNDING LLC (hereinafter, "MF") and MIDLAND CREDIT MANAGEMENT, INC. (hereinafter, "MCM") (hereinafter collectively, "Defendants"). In support thereof, Plaintiffs state:

### <u>INTRODUCTION AND PRELIMINARY STATEMENT</u>

This is an action for damages brought by individual consumers for Defendants' violations of the Telephone Consumer Protection Act, 47 United States Code, Section 227 (hereinafter, the "TCPA").

### <u>JURISDICTION AND VENUE</u>

1.     Jurisdiction of this Court arises under 47 United States Code, Section 227(b)(3) and 28 United States Code, Section 1337.

1

2.      Venue in this District is proper because Defendants transact business in this District and the conduct complained of occurred in this District.

3.      At all material times herein, Plaintiffs are each individuals residing in Montgomery County, Pennsylvania.

4.      At all material times herein, MF is a foreign limited liability company existing under the laws of the state of Delaware and engaged in business in Pennsylvania, with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108, that, itself and through its subsidiaries, regularly purchases and collects defaulted consumer debts from residents in the Eastern District of Pennsylvania.

5.      At all material times herein, MCM is a foreign for-profit corporation existing under the laws of the state of Kansas and engaged in business in Pennsylvania, with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108, that, itself and through its subsidiaries, regularly collects defaulted consumer debts owed or asserted to be owed to MF from residents in the Eastern District of Pennsylvania.

## GENERAL ALLEGATIONS

6.      At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

7.      Upon information and belief, MF purchased debts allegedly owed by each of the Plaintiffs after such debts entered default.

8.      Upon information and belief, MF assigned Plaintiffs' debts to MCM for collection.

9.      At all material times herein, MCM acted on MF's behalf, and with MF's knowledge, consent, and approval when it made telephone calls to Plaintiffs in its attempts to collect each Plaintiffs' respective debt.

2

10.     All necessary conditions precedent to the filing of this action occurred or Defendants waived.

## FACTUAL ALLEGATIONS

11.     MCM made telephone calls, as more specifically alleged below, to Denise Boyd's cellular telephone number 215.XXX.1517, Robert DiMenna's cellular telephone number 610.XXX.6352, William Guerra's cellular telephone number 267.XXX.3291, and William Warner's cellular telephone number 484.XXX.8700 (hereinafter collectively, "Plaintiffs' Cellular Telephones") using an automatic telephone dialing system (hereinafter, "ATDS"), a predictive telephone dialing system (hereinafter, "PTDS"), or an artificial or pre-recorded voice (hereinafter, "APV").

12.     Denise Boyd is the owner, regular user, and possessor of a Cellular Telephone with assigned number 215.XXX.1517 (hereinafter, "Plaintiff Boyd's Cellular Telephone").

13.     Robert DiMenna is the owner, regular user, and possessor of a Cellular Telephone with assigned number 610.XXX.6352 (hereinafter, "Plaintiff DiMenna's Cellular Telephone").

14.     William Guerra is the owner, regular user, and possessor of a Cellular Telephone with assigned number 267.XXX.3291 (hereinafter, "Plaintiff Guerra's Cellular Telephone").

15.     William Warner is the owner, regular user, and possessor of a Cellular Telephone with assigned number 484.XXX.8700 (hereinafter, "Plaintiff Warner's Cellular Telephone").

16.     At no time herein did Defendants possess prior express consent to call any of the Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV.

17.     Additionally, if Defendants contend they made the below-referenced phone calls for "informational purposes only," they nevertheless lacked the required prior express written consent necessary to place such informational calls to any of Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV.

3

18.     MCM made each telephone call to Plaintiffs' Cellular Telephones on MF's behalf, and with MF's consent, knowledge, and approval.

19.     Despite lacking prior express consent, from approximately January 2013 through April 18, 2013, Defendants made approximately four (4) calls every day to Plaintiff Boyd's Cellular Telephone using an ATDS, a PTDS, or an APV.

20.     Denise Boyd repeatedly answered Defendants' immediately-aforementioned telephone calls, repeatedly orally revoked any prior express consent Defendants possessed to call Plaintiff Boyd's Cellular Telephone using an ATDS, a PTDS, or an APV, and repeatedly demanded Defendants cease calling Plaintiff Boyd's Cellular Telephone.

21.     Despite revoking any prior consent for Defendants to call Plaintiff Boyd's Cellular Telephone using an ATDS, a PTDS, or an APV, Defendants continued to call Plaintiff Boyd's Cellular Telephone using an ATDS, a PTDS, or an APV.

22.     Eventually, Defendants' phone calls became so disruptive and harassing that Denise Boyd changed her cellular telephone number in order to cease receiving Defendants' phone calls.

23.     Despite lacking prior express consent, from approximately April 29, 2014 through December 2015, Defendants routinely made calls to Plaintiff DiMenna's Cellular Telephone—including multiple calls per day—using an ATDS, a PTDS, or an APV.

24.     Moreover, Robert DiMenna never provided Plaintiff DiMenna's Cellular Telephone number to Defendants or any other party with respect to Defendants' attempts to collect a debt from Robert DiMenna.

25.     Robert DiMenna repeatedly answered Defendants' immediately-aforementioned telephone calls, repeatedly orally revoked any prior express consent Defendants possessed to call Plaintiff DiMenna's Cellular Telephone using an ATDS, a PTDS, or an APV, and repeatedly

4

demanded Defendants cease calling Plaintiff DiMenna's Cellular Telephone.

26.     Despite revoking any prior consent for Defendants to call Plaintiff DiMenna's Cellular Telephone using an ATDS, a PTDS, or an APV, Defendants continued to call Plaintiff DiMenna's Cellular Telephone using an ATDS, a PTDS, or an APV.

27.     Despite lacking prior express consent, from approximately July 2014 through the filing of this Complaint, Defendants made approximately two (2) calls every day to Plaintiff Guerra's Cellular Telephone using an ATDS, a PTDS, or an APV.

28.     William Guerra repeatedly answered Defendants' immediately-aforementioned telephone calls, repeatedly orally revoked any prior express consent Defendants possessed to call Plaintiff Guerra's Cellular Telephone using an ATDS, a PTDS, or an APV, and repeatedly demanded Defendants cease calling Plaintiff Guerra's Cellular Telephone.

29.     Despite William Guerra repeatedly revoking consent for Defendants to make calls to Plaintiff Guerra's Cellular Telephone, Defendant continued to make calls to Plaintiff Guerra's Cellular Telephone on a daily basis.

30.     Despite lacking prior express consent, from 2012 through 2013, Defendants made approximately two (2) calls every day to Plaintiff Warner's Cellular Telephone using an ATDS, a PTDS, or an APV.

31.     William Warner answered *at least* three (3) of Defendants' immediately-aforementioned telephone calls, orally revoked any prior express consent Defendants possessed to call Plaintiff Warner's Cellular Telephone using an ATDS, a PTDS, or an APV, and demanded Defendants cease calling Plaintiff Warner's Cellular Telephone.

32.     Despite William Warner repeatedly revoking consent for Defendants to make calls to Plaintiff Warner's Cellular Telephone, Defendant continued to make calls to Plaintiff Warner's Cellular Telephone on a daily basis.

33.     As of October 6, 2016, the Plaintiffs each retained Leavengood, Dauval, Boyle & Meyer, P.A. and the Law Office of Joseph M. Adams (hereinafter collectively "Undersigned Counsel") for representation with respect to their TCPA claims against Defendants.

34.     Plaintiffs retained Undersigned Counsel for the purpose of pursuing this matter against Defendants, and Plaintiffs are obligated to pay their attorneys a reasonable fee for their services.

35.     Plaintiffs have not been able, due to both professional and/or personal commitments, as well as the continued and increasing stress associated with the continued barrage of autodialed telephone calls, to record the specifics on each and every call made to Plaintiffs.  Plaintiffs assert, however, that the above-referenced calls are but a sub-set of the total calls they are aware of and that each caused emotional distress, anxiety, and inability to use their respective Cellular Telephones when Defendants made such calls in violation of the TCPA. Moreover, Defendants are in the best position to determine and ascertain the number and methodology of calls made to Plaintiffs.

36.     United States Code, Title 47, Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call Defendants made to Plaintiffs' Cellular Telephones using any ATDS, PTDS, or APV in violation of the TCPA or the regulations proscribed thereunder.

37.     Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call Defendants made to Plaintiffs' Cellular Telephones using any ATDS, PTDS, or APV in willful or knowing violation of the TCPA or the regulations proscribed thereunder.

## COUNT ONE:
## TELEPHONE CONSUMER PROTECTION ACT-
## <u>VIOLATION OF 47 UNITED STATES CODE, SECTION 227(b)(1)(A)</u>

Plaintiffs re-allege paragraphs one (1) through thirty-seven (37) as if fully restated herein and further state as follows:

38.     Defendants are subject to, and violate the provisions of, 47 United States Code, Section 227 (b)(1)(A) by using an ATDS, a PTDS, or an APV to call a telephone number assigned to a cellular telephone service without Plaintiffs' prior express consent.

39.     At no time herein did Defendants possess consent to call any Plaintiffs' Cellular Telephones using an ATDS, a PTDS, or an APV.

40.     MCM, on MF's behalf—and with MF's consent, knowledge, and approval—used an ATDS, a PTDS, or an APV to make calls to each of the Plaintiffs' Cellular Telephones *at least* two (2) to four (4) times a day.

41.     Furthermore, Defendants continued to call each of the Plaintiffs' Cellular Telephones despite each of the Plaintiffs repeatedly revoking any purported prior express consent for Defendants to make calls to Plaintiffs' Cellular Telephones and despite Plaintiffs repeatedly demanding Defendants cease contacting them.

42.     MCM's calls to Plaintiffs' Cellular Telephones on MF's behalf—and with MF's consent, knowledge, and approval—are the result of a repeated willful and knowing violation of the TCPA.

43.     As a direct and proximate result of Defendants' conduct, Plaintiffs each suffered:

a.      The periodic loss of his or her cellular telephone service;

b.      Lost material costs associated with the use of peak time cellular telephone minutes allotted under his or her cellular telephone service contract; and

     d.     Emotional distress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, as a direct and proximate result of the Defendants' conduct, Plaintiffs respectfully request entry of:

     a.     Judgment against Defendants declaring that Defendants violated the TCPA;

     b.     Judgment enjoining Defendants from making further autodialed phone calls to Plaintiffs' Cellular Telephones;

     c.     Judgment for each of the Plaintiffs against Defendants awarding the greater of actual damages or statutory damages in the amount of $500.00 for each of Defendants' telephone calls to Plaintiffs' Cellular Telephones in violation of the TCPA;

     d.     Judgment for each of the Plaintiffs against Defendants awarding treble damages in the amount of an additional $1,000.00 for each telephone call made to the Plaintiffs' Cellular Telephones in violation of the TCPA where Defendants acted knowingly and/or willfully; and

     e.     Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendants and demand that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully Submitted,


**Joseph M. Adams, Esq.**
Law Office of Joseph M. Adams
200 Highpoint Drive, Suite 211A
Chalfont, PA 18914
Phone: (215) 996-9977
Fax: (215) 996-9111
josephmadamsesq@verizon.net

**and**

**Ian R. Leavengood, Esq., FBN 0010167**
**Aaron M. Swift, Esq., FBN 093088**
**Gregory H. Lercher, Esq., FBN 0106991**
**Sara J. Weiss, Esq., FBN 0115637**
LeavenLaw, P.A.
Northeast Professional Center
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone:  (727) 327-3328
Fax: (727) 327-3305
consumerservice@leavenlaw.com
aswift@leavenlaw.com
glercher@leavenlaw.com
sweiss@leavenlaw.com
*pro hac vice application forthcoming*
*Attorneys for Plaintiffs*

9

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Denise Boyd, hereby says as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

8.  I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on ___/-8-/7___.

Denise Boyd

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, Robert DiMenna, hereby says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

8. I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on ____1/20/17____.


                                   _Robert DiMenna_
                                   Robert DiMenna

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, William Guerra, hereby says as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

8.  I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 8, 2017            .

                                                 _____
                                                 William Guerra

## VERIFICATION OF COMPLAINT AND CERTIFICATION

Plaintiff, William Warner, having first been duly sworn and upon oath, deposes and says as follows:

1.  I am a Plaintiff in this civil proceeding.

2.  I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.  I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4.  I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.  I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6.  Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7.  Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

8.  I verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on _1 – 9 – 1 7_.

William Warner
William Warner